IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SOCIETY FOR SCIENCE-BASED )<br>MEDICINE, INC. )<br>a Florida Non Profit Corporation, and )<br>STEVEN NOVELLA, an individual )<br>EDWARD LEWIS TOBINICK M.D., A )<br>MEDICAL CORPORATION d/b/a THE )<br>INSTITUTE OF NEUROLOGICAL )<br>RECOVERY, a California Medical Corporation; )<br>INR PLLC d/b/a INSTITUTE OF )<br>NEUROLOGICAL RECOVERY, a Florida )<br>professional limited liability company; and )<br>EDWARD TOBINICK, M.D., an individual )<br>)<br>    Defendants. )<br>_____/ | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201, Plaintiff, COVINGTON SPECIALTY INSURANCE COMPANY, ("Covington") respectfully submits this Complaint for Declaratory Judgment against Defendants, SOCIETY FOR SCIENCE-BASED MEDICINE ("SSBM"), and STEVEN NOVELLA ("Novella"), individually (collectively hereafter referred to as "Policyholders"), EDWARD LEWIS TOBINICK M.D, A MEDICAL CORPORATION d/b/a THE INSTITUTE OF NEUROLOGICAL RECOVERY, a California Medical Corporation ("the Institute"); INR PLLC d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY ("INR"); and EDWARD TOBINICK, M.D. ("Tobinick") (collectively hereafter referred to as "Claimants") and states as follows:

1

**Parties, Jurisdiction, and Venue**

1. Covington is a foreign corporation, incorporated in the State of New Hampshire with its principal place of business in the State of Georgia, and authorized to do business in the State of Florida.

2. Society for Science Based Medicine, Inc. is a Florida Non Profit Corporation which is incorporated and has its principal place of business in the State of Florida.

3. Steven Novella, is a citizen of the State of Florida, is over the age of eighteen, and is otherwise *sui juris*.

4. Edward Lewis Tobinick M.D, A Medical Corporation d/b/a The Institute of Neurological Recovery is a medical corporation incorporated in the State of California, with its principal place of business in Los Angeles County, California.

5. INR PLLC is a corporation incorporated in the State of Florida with its principal place of business in Palm Beach County, Florida.

6. Edward Tobinick is a citizen of the State of Florida, is over the age of eighteen, and is otherwise *sui juris*.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

**Factual Background**

9. Covington issued to Society for Science Based Medicine a commercial lines insurance policy, designated policy no. VBA28021400 (the "Policy") to operate a medical club

from January 1, 2014 to January 1, 2015, according to the terms and conditions set forth therein (a true and correct copy of the Policy is attached hereto as Exhibit "A").

10.     On or about June 11, 2014, Edward Lewis Tobinick M.D., a Medical Corporation d/b/a The Institute of Neurological Recovery, INR PLLC d/b/a Institute of Neurological Recovery, and Edward Tobinick, M.D. filed a lawsuit in the United States District Court for the Southern District of Florida against Steven Novella, M.D., Yale University, SGU Productions, LLC, and Society For Science-Based Medicine, Inc., case number 9:14-cv-80781-WJZ (the "Underlying Lawsuit" is attached hereto as Exhibit "B."). The complaint has since been amended and "Underlying Lawsuit" will refer hereafter to the amended complaint.

11.     In the Underlying Lawsuit, the Claimants allege that SSBM and Novella produced and continues to publish an "Advertisement" located at http://www.sciencebasedmedicine.org, or otherwise publishes or promotes the publication. Covington disputes the characterization of the publication as an advertisement and hereafter will refer to the writing as the "Article". [1]

12.     On or about August 1, 2014, the Claimants amended their complaint in the Underlying Lawsuit and alleged that a second "Advertisement" was published on July 12, 2014 at http://www.sciencebasedmedicine.org/ in which Policyholders again published the allegations of the Article. Covington disputes the characterization of the publication as an advertisement and hereafter will refer to the writing as the "Second Article".

13.     The Claimants allege that via the Article and Second Article, the Policyholders have violated 15 USCA § 1125(a) pertaining to false advertising; engaged in common law unfair competition; committed trade libel, committed libel *per se*, and engaged in tortious interference with business relationships.

---

[1] SSBM – the named insured under the Policy – has no affiliation with, ownership or control of the website www.sciencebasedmedicine.org, which is owned and registered to SGU Productions, LLC, a different named defendant in the Underlying Lawsuit.

14. The Policy issued by Covington defines "Who is an Insured" in Section II (1) (a-d) which states, in relevant part:

> 1. If you are designated in the Declarations as:
>
>> a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are a sole owner.
>
>> ***
>
>> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stock-holders are also insureds, but only with respect to their liability as stockholders.

15. In addition, an Endorsement to the Policy entitled – Additional Insured – Club Members amends the named insured as follows:

> WHO IS AN INSURED (Section II) is amended to include as an insured any of your members, but only with respect to their liability for your activities or activities they perform on your behalf.

16. The Policy was issued to SSBM, a Florida Non Profit Corporation, as indicated in the declarations page. However, SSBM was enrolled as an "Individual" for their form of business. Further, it is not clear whether Novella was a "Club Member" as described in the respective Endorsement.

17. Assuming *arguendo* that the Covington policy were to provide coverage for the allegations of the Underlying Lawsuit, such coverage would fall under COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, which provides in pertinent part as follows:

> Insuring Agreement
>
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to

4

which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

18. Section V (14) of the Covington Policy defines "personal and advertising injury" as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses":

  a. False arrest, detention or imprisonment;
  b. Malicious Prosecution;
  c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
  d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
  e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
  f. The use of another's advertising idea in your "advertisement"; or
  g. Infringement upon another's copyright, trade dress or slogan in your "advertisement".

19. The Article and Second Article attached to the Underlying Lawsuit are clearly not commercial in nature. They neither recommend a product nor suggest a service that would in any way promote a pecuniary interest of the policyholders. The Article and Second Article are more akin to a scientific op-ed writing.

20. Section V (1) of the Covington Policy defines an "Advertisement" to mean "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

21. The Article attached to the Underlying Lawsuit is neither about the "goods, products or services" of the policyholders nor is its purpose to attract customers or supporters. As

5

such, the Covington Policy does not provide coverage for the allegations of the Underlying Lawsuit.

22. The Second Article is a response to the allegations made in the Underlying Lawsuit and Claimants do not allege any novel injurious comments not made in the Article.

23. Coverage B Personal and Advertising Injury Liability Exclusion (a), precludes coverage for "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

24. The Underlying Lawsuit claims that the language in the Article and Second Article allegedly published by the policyholders was intentionally inflammatory and defamatory. Therefore, such allegations invoke the Coverage B Personal and Advertising Liability Exclusion (a) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

25. Coverage B Personal and Advertising Injury Liability Exclusion (b), precludes coverage for "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

26. It is alleged in the Underlying Lawsuit that the Policyholders published factual information that they knew was false at the time it was published. Further, it is alleged that these factual falsities form the basis of the injury in the Underlying Lawsuit. Material published with knowledge of its falsity falls within the Coverage B Personal and Advertising Liability Exclusion (a) and Covington is not obligated to defend or indemnify the Policyholders relative to the Underlying Lawsuit.

27.     Claimants allege in the Underlying Lawsuit that the Second Article republishes information from the Article. Policyholders knew or should have known was alleged to be false by way of the Underlying Lawsuit, as such, Covington is not obligated to defend or indemnify Policyholders regarding material they knew or should have known was false.

28.     Coverage B Personal and Advertising Injury Liability Exclusion (c) precludes coverage for "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

29.     The Covington Policy bears an effective date of January 1, 2014. The Article attached as an exhibit in the Underlying Lawsuit bears a publication date of May 8, 2013, and the last comment annexed to the Article bears a publication date of May 11, 2013. These publication dates all occurred well prior to the Policy effective date, triggering Coverage B Personal and Advertising Injury Liability Exclusion (c), and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

30.     Moreover, while the Claimants have alleged the Second Article was published within the effective policy dates of the Covington Policy, the Claimants allege that the Second Article republishes the allegations of the Article and reasserts the same information. Therefore, because the allegedly injurious comments were first published prior to the beginning of the policy period, Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

31.     Coverage B Personal and Advertising Injury Liability Exclusion (g) precludes coverage for "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality of performance made in your "advertisement".

32. It is alleged in the underlying suit that the Policyholders made representations in the Article and Second Article which amount to false advertising and which fail to conform to statements of quality with respect to their services. Injury arising from the failure to conform to statements of the quality of one's services is specifically precluded from coverage under Coverage B Personal and Advertising Injury Liability Exclusion (g) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

33. Coverage B Personal and Advertising Injury Liability Exclusion (i) precludes coverage for "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

34. It is alleged in the underlying suit that the Policyholders violated the federally registered trademarks "Institute of Neurological Recovery" and "INR" owned and maintained by the Clinics. Injury arising from the improper usage of federally registered trademarks is specifically precluded from coverage under Coverage B Personal and Advertising Injury Liability Exclusion (i) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

35. Coverage B Personal and Advertising Injury Liability Exclusion (j) excludes coverage for "Personal and advertising injury" committed by an insured whose business is:

 (1) Advertising, broadcasting, publishing or telecasting;
 (2) Designing or determining content of websites for others; or
 (3) An Internet search, access, content, or service provider.

36. While the Policy Declarations indicates that the insured is a not for profit Club – civic, service or social, the underlying suit alleges that the policyholder made and continues to

publish information on its website. The Covington Policy does not cover injury by an insured that is in the business of either publishing or internet content. If the nature of the Underlying Lawsuit is derived from the policyholder's business of publishing and/or internet content, such is excluded under Coverage B Personal and Advertising Injury Liability Exclusion (j) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

37. Coverage B Personal and Advertising Injury Liability Exclusion (k) excludes coverage for "Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

38. The Article and Second Article attached to the Complaint in the Underlying Lawsuit are from an electronic bulletin board where members of that community post commentary and then discuss in an electronic chatroom setting. It is alleged that this electronic bulletin board and chatroom are in the possession and control of the policyholder. As such, coverage is precluded under Coverage B Personal and Advertising Injury Liability Exclusion (k) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

39. Coverage B Personal and Advertising Injury Liability Exclusion (l) excludes coverage for "Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

40. The allegations in the Underlying Lawsuit are that the unauthorized use of names and trademarks led to a decrease in business due because of a defamatory Article published by the Policyholders. It is alleged in the Underlying Lawsuit that this misusage was meant to divert

potential patients away from the Claimants. Such an unauthorized usage of another's name and/or trademark to mislead another's potential customers is directly excluded from coverage under Coverage B Personal and Advertising Injury Liability Exclusion (l) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

41.   Coverage B Personal and Advertising Injury Liability Exclusion (p)(3) precludes coverage for "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

42.   It is alleged in the underlying suit that the Defendants violated 15 U.S.C.A § 1125(a) (the "Lanham Act").

43.   The Lanham Act prohibits the transmission of information which is false and misleading. As a result, such claims are excluded under Coverage B Personal and Advertising Injury Liability Exclusion (p) and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

44.   The Policy contains an endorsement entitled Exclusion – Services Furnished by Health Care Providers, which provides, in pertinent part, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\*\*\*

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

> With respect to any operation shown in the Schedule, this insurance does not apply to…"personal and advertising injury" arising out of:
>
> 1. The rendering or failure to render:
>
>    a. Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;
>
>    b. Any health or therapeutic service, treatment, advice or instruction…

45. The Underlying Lawsuit alleges that the Claimants were injured due to the publication of information within the Article and Second Article which would constitute the rendering of medical advice or instruction. As such, such claims are excluded under the endorsement entitled Exclusion – Services Furnished by Health Care Providers and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

46. The Policy contains an endorsement entitled Endorsement -- Exclusion – Designated Professional Services, which provides, in pertinent part, as follows:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> ***
>
> Schedule
>
> 1. "ALL PROFESSIONAL SERVICES RENDERED TO THE PUBLIC BY THE NAMED INSURED"
>
> With respect to any professional services shown in the Schedule, the the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering or failure to render any professional service.

11

47. The Underlying Lawsuit alleges that the Claimants were injured due to the publication of information within the Article and Second Article which would constitute the rendering of professional services. As such, such claims are excluded under the endorsement entitled Exclusion – Designated Professional Services, and Covington is not obligated to defend or indemnify Policyholders relative to the Underlying Lawsuit.

## Declaratory Judgment

48. Covington realleges and incorporates the allegations contained in Paragraphs 1-47 above as if fully set forth herein.

49. An actual, justiciable controversy exists between the Parties regarding Covington's obligations under the Covington Policy within the meaning of 28 U.S.C. § 2201 as demonstrated by the facts alleged herein.

50. Accordingly, Covington seeks an Order from this Court determining the obligations of Covington to the Parties relative to the Underlying Lawsuit, including a determination that Covington is not obligated to defend and/or indemnify SSBM and Novella in the Underlying Lawsuit.

51. Further, Covington seeks an Order awarding Covington such other relief as the Court deems proper.

WHEREFORE the Plaintiff, Covington Specialty Insurance Company, respectfully requests that this Court resolve this controversy pursuant to FED. R. CIV. P. 57 and 28 U.S.C.A. § 2201 and determine the rights and obligations of the Parties under the Covington Policy relative to the Underlying Lawsuit.

Respectfully submitted this _____ day of July, 2014,

*Attorneys for Plaintiff,*
*Covington Specialty Insurance Company*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
(305) 416-3180 – Phone
(305) 416-3190 – Fax

_____/s/ Stephen Hunter Johnson_____
STEPHEN HUNTER JOHNSON
Florida Bar No.: 12362
shj@lydeckerdiaz.com
MICHAEL E. LONGO
Florida Bar No.: 28058
ml@lydeckerdiaz.com