**IN THE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:14-CV-24416-DPG

COVINGTON SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SOCIETY FOR SCIENCE-BASED MEDICINE, INC., a Florida Non Profit Corporation, and STEVEN NOVELLA, an individual EDWARD LEWIS TOBINICK M.D., A MEDICAL CORPORATION d/b/a THE INSTITUTE OF NEUROLOGICAL RECOVERY, a California Medical Corporation; INR PLLC d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, a Florida professional limited liability company; and EDWARD TOBINICK, M.D., an individual

Defendants.
____________________________________________/

**MOTION OF SOCIETY FOR SCIENCE-BASED MEDICINE FOR STAY**

Defendant, Society for Science-Based Medicine ("SFSBM"), moves for a stay of these proceedings as to SFSBM, pending a determination by the plaintiffs in *Edwards Lewis Tobinick M.D., et al. v. Steven Novella, et al.*, Case No. 9:14-cv-80781-RLR (the "Underlying Lawsuit")[1] as to whether they will refile certain claims against SFSBM, as allowed by the Court in the Underlying Lawsuit, and in support states as follows.

1. This is a declaratory judgment action in which the plaintiff, Covington Specialty

[1] The plaintiffs in the Underlying Action, who are defendants in this case – Edward Lewis Tobinick, M.D., a Medical Corporation d/b/a The Institute of Neurological Recovery, INR PLLC d/b/a Institute of Neurological Recovery, and Edward Tobinick, M.D. – are referred to herein as the "Tobinick/INR Parties."

Insurance Company ("Covington"), seeks a declaration regarding its obligations under a commercial lines insurance policy issued to SFSBM as to whether Covington is obligated to defend and indemnify SFSBM in the Underlying Lawsuit, which is pending before U.S. District Judge Robin L. Rosenberg. Covington has assumed the defense of SFSBM in the Underlying Lawsuit subject to a reservation of rights.

2. Covington filed this declaratory judgment action on November 19, 2014, and served SFSBM with the Complaint on January 11, 2015. SFSBM previously has sought, and the Court has granted, an extension of time through April 6, 2015, for SFSBM's response to the Complaint. ECF Nos. 4, 6, 13, 14.

3. SFSBM explained to the Court in its prior (unopposed) motions for extension of time that a ruling on the merits in the Underlying Lawsuit likely would substantially narrow, if not moot, the issues raised in this action. *See* ECF Nos. 4, 13.

4. On March 16, 2015, Judge Rosenberg entered an Order Granting in Part [SFSBM's] Converted Motion for Summary Judgment in the Underlying Lawsuit. *Tobinick*, ECF No. 157. Judge Rosenberg granted summary judgment with respect to the Tobinick/INR Parties' Lanham Act and unfair competition claims;[2] dismissed the plaintiffs' trade libel and libel per se claims without prejudice, with leave to file a separate suit against SFSBM; and terminated SFSBM from the Underlying Lawsuit. *Id.* at 19-20. As a result, no claims in the Underlying Lawsuit remain pending against SFSBM. The Tobinick/INR Parties may, however, "refile a separate suit with claims brought solely against the Society," not to include Lanham Act, unfair competition, and tortious interference claims on the same facts alleged in their Amended Complaint in the Underlying Lawsuit. *See* ECF No. 157 at 19.

[2] The Tobinick/INR Parties' tortious interference claims were dismissed without prejudice in a previous order. *See Tobinick*, ECF No. 157 at 4 n.5 (citing ECF No. 117).

5. In this action, Covington asks this Court for a declaration as to whether it is obligated to defend and indemnify SFSBM ***in the Underlying Lawsuit***. *See* ECF No. 1 ¶ 50 ("Accordingly, Covington seeks an Order from this Court determining the obligations of Covington to the Parties relative to the Underlying Lawsuit, including a determination that Covington is not obligated to defend and/or indemnify SSBM and Novella in the Underlying Lawsuit."). Indeed, the Amended Complaint in the Underlying Lawsuit is Exhibit B to Covington's Complaint for Declaratory Judgment. *See* ECF No. 1-2.

6. At this point, however, there are no claims remaining against SFSBM in the Underlying Lawsuit, and the summary judgment order in the Underlying Lawsuit has narrowed the issues to be decided by this Court. As a result, Covington's Complaint in this action does not frame the issues as they now stand. Unless and until the Tobinick/INR parties file a separate action against SFSBM, as permitted by Judge Rosenberg's summary judgment order, the scope of the coverage issues to be determined by this Court is unknown.

7. If the Tobinick/INR Parties file new claims, then Covington necessarily will have to amend its complaint to address the claims as pled in the new complaint. It would be an inefficient use of the parties' and the Court's resources for SFSBM to respond to Covington's current Complaint and proceed in this case, only to have Covington file an amended complaint as soon as the Tobinick/INR Parties file a new action against SFSBM.

WHEREFORE, SFSBM seeks a stay of these proceedings pending the filing by the Tobinick/INR Parties of a new complaint against SFSBM or a determination that they do not intend to file new claims against SFSBM. At such time as the Tobinick/INR Parties file a new complaint against SFSBM or advise that they do not intend to proceed against SFSBM, the parties shall confer and report to the Court regarding (a) whether this action should proceed, and

(b) if so, how much time Covington requests to file an amended complaint. In the alternative, if the Court does not grant a stay, SFSBM respectfully requests 30 days from the Court's Order on this motion in which to respond to the Complaint, and for such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned has conferred with Covington's counsel, Michael Longo, repeatedly regarding the relief sought in this motion. On March 17, 2015, the undersigned spoke by telephone with Mr. Longo, who indicated that he would confer with his client and respond with Covington's position. The undersigned followed up by e-mail on March 26, March 30, and April 1. On April 1, the undersigned again spoke by telephone with Mr. Longo, who represented that he expected to be able to ascertain Covington's position by April 2. On April 2, Mr. Longo advised by e-mail that due to religious observances, he likely would not have an answer until Monday, April 6 (the date on which SFSBM's response to the complaint is due). If the parties are able to reach agreement or narrow the issues, we will advise the Court.

The undersigned also conferred with counsel for the Tobinick/INR parties, who represented that the Tobinick/INR parties do not oppose the relief sought in this motion.

Dated: April 3, 2015

Respectfully submitted,

By: /s/Jamie Z. Isani

Walter J. Andrews (Florida Bar No. 84863)
Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
wandrews@hunton.com
jisani@hunton.com

*Counsel for Society for Science-Based Medicine, Inc.*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on April 3, 2015, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/Jamie Z. Isani
Jamie Zysk Isani

## SERVICE LIST

Stephen Hunter Johnson
Michael E. Longo
Lydecker Diaz, LLC
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: 305-416-3180
Facsimile: 305-416-3190
shj@lydeckerdiaz.com
ml@lydeckerdiaz.com

*Counsel for Plaintiff, Covington Specialty Insurance Company*

Geoffrey M. Cahen
Fla. Bar No. 013319
CAHEN LAW, P.A.
1900 Glades Road, Suite 355
Boca Raton, Florida 33431
Telephone: (561) 922-0430
Fax: (561) 353-5455
E-Mail: geoff@cahenlaw.com

*Attorneys for Tobinick/INR Defendants*