IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

COVINGTON SPECIALITY INSURANCE COMPANY,

Plaintiff,

v.

SOCIETY FOR SCIENCE-BASED MEDICINE, INC., et al.,

Defendants.

Case No. 1:14-CV-24416-DPG

ANSWER TO COMPLAINT

**ANSWER**

Defendants Edward Lewis Tobinick M.D., a Medical Corporation d/b/a The Institute of Neurological Recovery ("INR CA"), INR PLLC d/b/a Institute of Neurological Recovery ("INR FL"), and Edward Tobinick, M.D. ("Tobinick") (collectively, "INR Defendants") answer this complaint, and state:

1. Without knowledge, therefore denied.
2. Admitted.
3. Denied. Novella is a citizen of the State of Connecticut.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

9. Without knowledge, therefore denied.

10. Admitted. INR Defendants would further state that the Society for Science-Based Medicine was terminated from the Underlying Lawsuit upon grant of the Society's motion for summary judgment on March 16, 2015. The district court held that the Society was entitled to summary judgment on Claimants' Lanham Act claim. The district court dismissed the Society without prejudice to Claimants to refile a separate suit against the Society on their other claims.[1]

11. Admitted that Claimants allege that SSBM and Novella published a false and misleading "advertisement or promotion" disparaging the character and nature of Claimants and their services, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

12. Admitted.

13. Admitted.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. To the extent this allegation calls for a legal conclusion, denied. Otherwise, without knowledge, and therefore denied.

---

[1] INR Defendants request this Court to stay these proceeding until such time as (a) INR Defendants refile their claims against the Society in a separate lawsuit, and (b) the parties confer and report to this Court as to whether this action should proceed.

18. To the extent this allegation calls for a legal conclusion, denied. Otherwise, without knowledge, and therefore denied.

19. Denied. Novella and SSBM are engaged in commercial activity. Their content drives traffic to their websites, which in turn generates revenue in the form of paid advertisements, the recruitment of monthly paid memberships, and donations to a "legal defense fund."

20. Without knowledge, therefore denied.

21. Denied. The Article "about" the "goods, products or services" of Claimants and promotes the "goods, products or services" of the Society, Novella, and other associated entities.

22. Denied.

23. Without knowledge, therefore denied.

24. Admitted that the Underlying Lawsuit claims that the language in the articles published by the policyholders was intentionally inflammatory and defamatory. Denied to the extent this allegation calls for a legal conclusion.

25. Without knowledge, therefore denied.

26. Admitted that Claimants allege Policyholders published factual information that they knew was false at the time it was published and that these factual falsities form a basis of injury in the Underlying Lawsuit. Denied to the extent this allegation contains a legal conclusion regarding coverage and Covington's obligations.

27. Denied to the extent this allegation calls for a legal conclusion; otherwise, admitted.

28. This allegation calls for a legal conclusion and is therefore denied; otherwise, without knowledge, and therefore denied.

29. Denied. The webpages have been published and republished with alterations on at least two additional occasions. Furthermore, additional webpages not named in the amended complaint have been published containing actionable false statements about Claimants. To the extent this allegation calls for a legal conclusion, it is denied. Claimants are without knowledge as to Covington's obligations.

30. Admitted that Claimants alleged the Second Article was published within the dates Covington stated in its complaint as the "effective date" of the policy. Denied to the extent this allegation calls for a legal conclusion; otherwise without knowledge, and therefore denied.

31. Denied to the extent this allegation calls for a legal conclusion; otherwise without knowledge, and therefore denied.

32. This allegation calls for a legal conclusion and is therefore denied.

33. This allegation calls for a legal conclusion and is therefore denied.

34. Admitted as to the allegations of the Underlying Lawsuit; denied to the extent this allegation calls for a legal conclusion.

35. Without knowledge, therefore denied.

36. Admitted that the Underlying Lawsuit alleges that Novella and SSBM made and continue to publish information on their websites. Denied to the extent this allegation calls for a legal conclusion.

37. Without knowledge, therefore denied.

38. Admitted that the articles are in the possession and control of the policyholder. Denied that the articles are posted on an "electronic bulletin board." Denied to the extent this allegation calls for a legal conclusion.

39. Without knowledge, therefore denied.

40. Denied that the Underlying Lawsuit alleges the unauthorized use of names and trademarks. Admitted that Policyholders' articles were false, misleading, disparaging, and defamatory. Admitted that the conduct of Policyholders led to a decrease in business and caused other damages. Admitted that Claimants allege this usage was meant to divert potential patients away from Claimants. Denied to the extent this allegation calls for a legal conclusion as to policy exclusions; otherwise, without knowledge, and therefore denied.

41. Denied to the extent this allegation calls for a legal conclusion; otherwise, without knowledge, and therefore denied.

42. Admitted that Claimants alleged that the defendants in the Underlying Suit violated the Lanham Act, 15 U.S.C. § 1125(a). Claimants do not allege all the Defendants in *this* action violated the Lanham Act.

43. This allegation calls for a legal conclusion and is therefore denied. Without knowledge as to the policy or Covington's obligations, and therefore denied.

44. Without knowledge, therefore denied.

45. Admitted that the Underlying Lawsuit alleges that the Claimants were injured due to publication of information within the articles; denied that the articles constitute the rendering of medical advice or instruction. Denied to the extent this allegation calls for a legal conclusion.

46. Without knowledge, and therefore denied.

47. Admitted that the Underlying Lawsuit alleges that the Claimants were injured due to publication of information within the articles; denied that the articles constitute the rendering of professional services. Denied to the extent this allegation calls for a legal conclusion.

INR Defendants respectfully reserve the right to request leave to file affirmative defenses and/or counterclaims if and when such defenses or counterclaims become available.

**WHEREFORE**, INR Defendants respectfully request that this Court deny the relief requested by Plaintiff together with such other relief as the Court deems just and proper.

Dated: April 13, 2015
Boca Raton, Florida

s/ *Geoffrey M. Cahen*
Geoffrey M. Cahen
Florida Bar Number: 0013319
1900 Glades Road, Suite 355
Boca Raton, Florida 33431
Telephone: (561) 922-0430
Fax: (561) 353-5455
E-Mail: geoff@cahenlaw.com

*Attorney for INR Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

s/ *Geoffrey M. Cahen*
Geoffrey M. Cahen

## SERVICE LIST

Stephen Hunter Johnson
Michael E. Longo
LYDECKER DIAZ, LLC
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: 305-416-3180
Facsimile: 305-416-3190
shj@lydeckerdiaz.com
ml@lydeckerdiaz.com
*Counsel for Plaintiff, Covington Specialty Insurance Company*

Walter J. Andrews
Jamie Zysk Isani
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
wandrews@hunton.com
jisani@hunton.com
*Counsel for Society for Science-Based Medicine, Inc.*